**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| TODD CONSTRUCTION, L.P. f/k/a<br>TODD CONSTRUCTION CO., INC.,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | ) | No. 07-324C<br>(Judge Edward J. Damich) |

**PLAINTIFF'S OBJECTION TO DEFENDANT'S**
**MOTION TO DISMISS AND BRIEF IN SUPPORT**

Plaintiff, Todd Construction, L.P. ("Todd"), objects to the motion to dismiss filed by defendant, The United States of America ("Government"). Todd seeks declaratory and injunctive relief in connection with certain performance evaluations issued by the Government on two construction contracts performed by Todd. The Government contends that this Court does not have subject matter jurisdiction over Todd's claims under either 28 U.S.C. §1491 or 5 U.S.C. §701, *et seq*. The Government is wrong.

**BACKGROUND -- PERFORMANCE EVALUATIONS**

The Federal Acquisition Regulation, Title 48 of the Code of Federal Regulations ("FAR") obligates the Government to issue performance evaluations at the completion of all federal construction projects exceeding certain monetary limits. *See,* 48 C.F.R. §36.201. The evaluations rate the contractor's performance in terms of cost, schedule, quality, and compliance with contractual, regulatory and other standards. The evaluating official is usually the "resident engineer" in charge of the construction project and with personal knowledge of the contractor's job performance. *See,* 48 C.F.R. §36.201(a)(2); and U.S. Army Corps of Engineers Regulation,

415-1-17(5)(c)(1).[1] The completed evaluation is then supposed to be reviewed for accuracy and fairness by an individual with personal knowledge of the contractor's job performance and at a supervisory level above that of the evaluating official. *See,* E.R. 415-1-17(c)(1). *See,* also, 48 C.F.R. §36.201. All performance evaluations are filed in a central database system known as the Construction Contractor Appraisal Support System ("CCASS"), where the information is stored for six years. *See,* E.R. 415-1-17(c)(2); and, 48 C.F.R. §236.201. The information in CCASS is used by the Government in deciding to award future contracts. Id.; and, 48 C.F.R. §42.15. The need for accuracy and fairness of the information stored in CCASS cannot be understated -- contractors with unsatisfactory or marginal performance evaluations likely will not receive Government contracts when bidding against contractors who have better performance evaluations.

**BACKGROUND -- EVALUATIONS OF TODD**

Todd received two task orders from the Government on construction projects known as: "Repair ALS Roof, Building 3611, Project No. VKAG 99-1130, Seymour Johnson AFB, NC," and "Repair Roof of Building 2121, Project No. VKAG 00-1165, Seymour Johnson AFB, NC" ("Projects"). On March 26, 2006, the Government proposed final evaluations in connection with the Projects which rated Todd's overall performance as unsatisfactory. The evaluations were sent to Todd for comment. Todd submitted its comments to the Government pursuant to the FAR and ER 415-1-17. On July 23, 2006, the Government issued final unsatisfactory performance evaluations on the Projects. Todd timely appealed the final evaluations and requested a final decision. On May 25, 2007, the Government issued a final decision rejecting Todd's appeal and adopting the unsatisfactory evaluations. Because the Government's actions were arbitrary, capricious, an abuse

[1] A copy of the U.S. Army Corps of Engineers Regulation 415-1-17 (hereinafter referred to as ER 415-1-17), is attached for the Court's convenience.

of discretion and not in accordance with applicable law, Todd filed the present action seeking 1) a judicial determination that the Government's final decision is unlawful and should be set aside; and, 2) an order directing the Government to remove the final performance evaluations from CCASS, among other things.

**ARGUMENT AND LEGAL AUTHORITIES**

When deciding a motion to dismiss, the Court is "obligated to assume all factual allegations to be true and to draw all reasonable inferences in plaintiff's favor." *Roxco, Ltd. v. U.S.*, 77 Fed.Cl. 138, 142 (2007). A plaintiff need only set forth a prima facie showing of jurisdictional facts to survive a motion to dismiss. Id. The Government contends the Court does not possess jurisdiction over Todd's claims under either 28 U.S.C. §1491 or 5 U.S.C. §§701, *et seq.*, the two statutes cited by Todd in its complaint as the basis for this Court's jurisdiction. Assuming all of Todd's allegations are true, this Court possesses jurisdiction over Todd's claims.

This precise issue was addressed by this Court in *Record Steel and Const., Inc. v. U.S.*, 62 Fed.Cl. 508 (2004). In *Record Steel*, the plaintiff contractor sued the Government in the U.S. Court of Federal Claims to recover additional costs incurred during the performance of a construction project. The contractor also sued for declaratory and injunctive relief in connection with "marginal"[2] performance evaluations issued by the Government. The Court expressly held that it was vested with jurisdiction to review the contractor performance evaluations pursuant to 28 U.S.C. §1491, also known as the Tucker Act. As with the contractor in *Record Steel,* Todd performed work for the Government and was given performance evaluations that fell well short of what they should have

[2] A *marginal* performance rating is better than an *unsatisfactory* rating.

been. After exhausting the remedies and procedures available at the administrative level, Todd sought review of the Government's actions in this Court, as expressly provided for in the Tucker Act.

The Government has attempted to distinguish the opinion of *Record Steel*, arguing that the declaratory relief sought by the contractor was merely a "derivative" claim arising from the underlying breach of contract claim. In other words, according to the Government, this Court only has jurisdiction over claims which seek a monetary award arising from contract, and in the absence of a monetary claim, the provisions of the Tucker Act providing for equitable relief are not available. It is true that the Tucker Act originally did not vest the Claims Court with jurisdiction over non-monetary claims. *See,* e.g., *U.S. v. King*, 395 U.S. 1, 89 S.Ct. 1501 (1969). However, with the enactment of amendments to the Tucker Act in 1992, Congress expressly granted this Court jurisdiction over specific non-monetary claims "including a dispute concerning termination of a contract, rights in tangible or intangible property, compliance with cost accounting standards, and other non-monetary disputes on which a decision of the contracting officer has been issued under section 6 of that Act." *See,* 28 U.S.C.A §1491(a)(2). Interpreting the 1992 amendment to the Tucker Act, courts have held that the Claims Court has jurisdiction over non-monetary claims such as conversion of a default termination to a termination for convenience, *Claude E. Atkins Enterprises, Inc. v. U.S.*, 15 Cl.Ct. 644 (1988); review of performance evaluations, *Record Steel, supra;* and the declaration of rights under a contract, *Alliant Techsystems, Inc. v. U.S.*, 178 F.3d 1260 (Fed. Cir. 1999), among other things. It is also important to note that the court in *Record Steel* made no distinction in its opinion about the non-monetary claims having to be presented with monetary claims in order to invoke the jurisdiction granted under the Tucker Act. On the contrary, the Court addressed each of the contractor's claims separately, and expressly found that it had jurisdiction over the contractor's request for declaratory relief.

Even if the Government's argument was somehow correct, the simple fact is that Todd's action *does arise from a written contract.* In fact, Todd is appealing the performance evaluations rendered in connect with two written contracts with the Government, and has pleaded as much in its complaint. The fact that Todd is not seeking monetary relief (aside from the fees and costs associated with this action) makes no difference. As the Court pointed out in *Record Steel*, the FAR defines a claim as "a written demand or written assertion by one of the contracting parties seeking, as a matter of right, the payment of money in a sum certain, the adjustment or interpretation of contract terms, **or other relief arising under or relating to this contract."** Id. at 518, quoting 48 C.F.R. §52.233-1( c). Without question, the unsatisfactory performance evaluations rendered by the Government arose out of and are related to the two contracts it had with Todd -- otherwise the Government would have no basis to prepare the evaluations in the first place!

After review of 5 U.S.C. §§701, *et seq*, and the cases decided thereunder, Todd agrees with the Government that this Court does not possess jurisdiction under Title 5. While Todd believes that jurisdiction exists under the Tucker Act, should this Court decide otherwise, Todd respectfully requests that the Court enter an order permitting the transfer of this case to a U.S. District Court possessing jurisdiction over Todd's claims under Title 5.

s/Robert L. Magrini
Robert L. Magrini, OBA #12385
Hayes Magrini & Gatewood
1220 North Walker (73103) / P. O. Box 60140
Oklahoma City, Oklahoma 73146-0140
rmagrini@hmglawyers.com
Phone: (405) 235-9922
Fax: (405) 235-6611
Attorneys for Plaintiff, Todd Construction, L.P.
f/k/a Todd Construction Co., Inc.

**CERTIFICATE OF FILING**

On the 28th day of September, 2007, I electronically transmitted the foregoing "Plaintiff's Objection to Defendant's Motion To Dismiss And Brief In Support" to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants: Maame A.F. Ewusi-Mensah. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. The parties may access this filing through the Court's system.

s/Robert L. Magrini
Robert L. Magrini

todd.gen\Resp.Mtn.Dismiss