IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| TODD CONSTRUCTION, L.P. f/k/a<br>TODD CONSTRUCTION CO., INC.,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 07-324C<br>(Chief Judge Damich) |

DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS

Pursuant to Rule 7.2(c) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully submits this reply to the brief filed by plaintiff Todd Construction, L.P. ("Todd Construction") in opposition to our motion to dismiss.[1] In our motion to dismiss, we established that Todd Construction's complaint should be dismissed because: (1) Todd Construction seeks to bring claims pursuant to the Administrative Procedures Act ("APA"), 5 U.S.C. §§ 701, et seq, over which this Court lacks jurisdiction; (2) to the extent that Todd Construction makes claims for equitable relief pursuant to the Contract Disputes Act ("CDA"), this Court lacks jurisdiction because Todd Construction's claims do not fit within the narrow class of nonmonetary disputes permitted by that Act; and (3) even if this Court finds it possesses jurisdiction to entertain Todd Construction's APA claims, Todd Construction has failed to state a claim for relief under the APA. In its opposition, Todd Construction concedes that this Court lacks jurisdiction to entertain Todd Construction's APA claims. It asserts, however, that this Court possesses jurisdiction to entertain its alleged CDA claims. It also asks

[1] We will refer to the opening brief in support of our motion to dismiss as "Def. Mot. _," and we will refer to Todd Construction's brief in opposition as "Pl. Opp. _."

this Court to transfer its APA claims to a United States district court if this Court finds that it lacks jurisdiction to entertain Todd Construction's alleged CDA claims.

For the reasons addressed below, and for the reasons addressed in our opening brief, this Court should grant our motion to dismiss and dismiss Todd Construction's complaint with prejudice. This Court should also decline to transfer Todd Construction's APA claims to a United States district court.

## ARGUMENT

### I. Todd Construction Properly Concedes That Its APA Claims Cannot Go Forward In This Court, But Its Request To Have Those Claims Transferred Should Be Denied

In our moving brief, we demonstrated that this Court lacks jurisdiction to entertain Todd Construction's claims under the Administrative Procedures Act because this Court lacks jurisdiction to entertain suits pursuant to the APA. Def. Mot. 5-6. We also showed that Todd Construction's APA claims cannot go forward as currently pled because they fail to state a claim for relief. Def. Mot. 9. In its opposition to our motion to dismiss, Todd Construction concedes that this Court does not possess jurisdiction to entertain its APA claims. Pl. Opp. 5.

Todd Construction asks this Court to "enter an order permitting the transfer of this case to a U.S. District Court possessing jurisdiction over Todd's claims under Title 5." Pl. Opp. 5. We respectfully request that Todd Construction's request be denied. This Court should only transfer a case to a district court if such a transfer would be in the interests of justice. 28 U.S.C. § 1631; Jackson v. United States, 10 Cl. Ct. 691, 695 (1986); Ace Property & Cas. Ins. Co. v. United States, 60 Fed. Cl. 175, 187 (2004). It would not be in the interests of justice to transfer Todd Construction's APA claims. As discussed in our opening brief, Todd Construction has failed to state a claim for relief pursuant to the APA by failing to set forth any factual allegations

in support of its conclusory assertion that the actions of the Army Corps of Engineers were "arbitrary, capricious, an abuse of discretion and not in accordance with law." See Def. Mot. 9. In its opposition, Todd Construction did not respond to, and apparently concedes, that its complaint lacks the basic factual allegations necessary to make out a claim for relief pursuant to the APA.

II. This Court Lacks Jurisdiction To Entertain Todd Construction's Claim For Equitable Relief

Todd Construction does not deny that there is no binding precedent stating that this Court can entertain a contractor's claim for revision or removal of its performance evaluations. Pl. Opp. 3-5. As explained in our motion to dismiss, the United States Court of Appeals for the Federal Circuit has never held that this Court can entertain such a claim. Def. Mot. 6-8. To the contrary, the Contract Disputes Act ("CDA") jurisprudence of the Federal Circuit has established that this Court only possesses jurisdiction to consider nonmonetary disputes which directly implicate the terms of the contract. See Alliant Techsystems, Inc. v. United States, 178 F.3d 1260 (Fed. Cir. 1999); Garrett v. Gen. Elec. Co., 987 F.2d 747 (Fed. Cir. 1993). In addition, the Federal Circuit has held that the provision of the Tucker Act at issue was intended to create jurisdictional parity between this Court and the boards of contract appeals. Alliant Techsystems, Inc., 178 F.3d at 1269-1270. The boards have consistently held that they do not possess jurisdiction to entertain performance evaluation claims and that such claims are not CDA claims. See In re Aim Constr. & Contracting Corp., ASBCA No. 52,540, 07-1 BCA ¶ 33,466 (Dec. 28, 1006); Franklin's Cleaning & Supply Co. v. Gen. Svcs. Admin., GSBCA No. 16,527, 06-1 BCA ¶ 33,139; In re TLT Construction Corp., ASBCA No. 53,769, 02-2 BCA ¶ 31,969 (Aug. 26,

2002); G. Bliuzius Contractors, Inc., ASBCA No. 42,365, 92-1 BCA ¶ 24,605 (Nov. 22, 1991); Konoike Constr. Co., ASBCA 40,910, 91-3 BCA ¶ 24,170 (July 2, 1991).

Todd Construction does not dispute that the Tucker Act amendment was intended to establish jurisdictional parity or that the boards of contract appeals do not entertain performance evaluation claims. See Def. Mot. 7-8. Todd Construction also does not dispute that, as discussed in our motion to dismiss, it alleged the wrong jurisdictional basis, and that it has not shown that there was a final decision of the contracting officer upon its purported CDA claim. See Def. Mot. 5 n. 2-3.

Todd Construction's only response to our argument is to point to the decision of this Court in Record Steel & Constr., Inc. v. United States, 62 Fed. Cl. 508 (2004), a case where a contractor made a derivative claim for revision of its performance evaluation based upon its primary allegation that the Government had misinterpreted and breached the contract. Record Steel is not binding upon this Court. Furthermore, the reasoning is not persuasive as that case involved a radically different procedural posture and factual circumstances. As discussed in our moving brief, to the extent that Record Steel can be reconciled with the binding precedent of the Federal Circuit, it is because the claims for equitable relief required interpretation of the terms of the contract. See Def. Mot. 8. As the Court found, "the crux of the parties' dispute is whether the contract at issue required over-excavation." Record Steel, 62 Fed. Cl. 510-11. This is not the case here, where Todd Construction admits that its claim derives from its assertion that the Government failed to follow its own procedures for conducting performance evaluations, not from any breach of any provision of the contract. Compl. ¶9; Pl. Opp. 2-3 ("Because the Government's actions were arbitrary, capricious, an abuse of discretion and not in accordance

with applicable law, Todd filed the present action . . . .”). Accordingly, Todd Construction cannot make the required showing that its claim relates to the terms of the contract and its complaint fails for want of jurisdiction.

CONCLUSION

For the foregoing reasons, and for the reasons stated in our moving brief, defendant respectfully requests that the Court grant its motion to dismiss, dismiss Todd Construction's complaint with prejudice, and deny Todd Construction's request to transfer its APA claims to a United States district court.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s Franklin E. White, Jr. by Deborah A. Bynum
FRANKLIN E. WHITE, JR.
Assistant Director

Of Counsel:
MARY L. ASHBY
Assistant District Counsel
Office of Counsel
Savannah District
US Army Corps of Engineers
100 Oglethorpe Avenue
P.O. Box 889
Savannah, GA 31402
Tel: (912) 652-5025
Fax: (912) 652-5126

s/ Maame A.F. Ewusi-Mensah
MAAME A.F. EWUSI-MENSAH
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tel: (202) 353-0503
Fax: (202) 514-8624

October 12, 2007

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 12th day of October, 2007, a copy of the foregoing "DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. The parties may access this filing through the Court's system.

s/ Maame A.F. Ewusi-Mensah