**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| TODD CONSTRUCTION, L.P. f/k/a | ) | |
| TODD CONSTRUCTION CO., INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07-324C |
| | ) | (Judge Edward J. Damich) |
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S REPLY IN SUPPORT OF ITS APPLICATION TO FILE A SHORT SUR-REPLY IN RESPONSE TO DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS**

Plaintiff, Todd Construction, L.P. f/k/a Todd Construction Co., Inc. ("Todd"), submits this reply in support of its request for leave to file a sur-reply brief.

On August 24, 2007, defendant, The United States of America ("Government"), filed a motion to dismiss Todd's complaint. The Government argued: 1) this Court lacks jurisdiction over suits under the Administrative Procedures Act ("APA"); 2) Tucker Act jurisdiction does not exist because Todd's claims do not arise from or relate to a contract; and 3) Todd's complaint does not state in sufficient detail a claim under the APA. In objection to the motion, Todd conceded that this Court lacks jurisdiction over suits under the APA. Todd also argued that jurisdiction exists under the Tucker Act. Should this Court decide otherwise, however, Todd requested an order transferring this case to a U.S. District Court with jurisdiction over its APA claims.

The Government filed a reply brief on October 12, 2007. Despite Todd's concession that this Court lacks jurisdiction over its APA claims, the Government requested for the first time a dismissal with prejudice -- a merits adjudication on Todd's APA claims. The reason? Because Todd did not provide in its objection evidence that the Government had, in fact, violated the APA. There are two

issues Todd desires to briefly address in a sur-reply brief, both of which arise from the Government's new request for a dismissal with prejudice of Todd's APA claims. First, the Government should not be permitted to argue that this Court lacks jurisdiction over Todd's APA claims and then seek a merits adjudication on those same claims.[1] Second, to now argue that the APA claims should be dismissed with prejudice is tantamount to converting the motion to dismiss into a motion for summary judgment. After all, a complaint should never be dismissed for failure to state a claim unless it appears beyond doubt that a plaintiff can prove no set of facts that would entitle him to relief. Even if viewed as conclusory, the Government concedes that Todd's complaint states a claim under the APA. (*See*: n.1). In other words, the Government's new request is completely inconsistent with applicable law and the arguments made in its original motion.

s/Robert L. Magrini
Robert L. Magrini, OBA #12385
Hayes Magrini & Gatewood
1220 North Walker (73103)
Post Office Box 60140
Oklahoma City, Oklahoma 73146-0140
rmagrini@hmglawyers.com
Phone: (405) 235-9922
Fax: (405) 235-6611
Attorneys for Plaintiff, Todd Construction, L.P.
f/k/a Todd Construction Co., Inc.

[1]Indeed, the Government argued at page 8 of its original motion: "Upon the face of its complaint, Todd Construction's claims are related only to the Government's alleged violations of internal procedures governing the issuance of performance evaluations. Such a claim is properly an APA claim, and therefore cannot be heard in this Court."

**CERTIFICATE OF FILING**

On the 19th day of November, 2007, I electronically transmitted the foregoing "Plaintiff's Reply In Support Of Its Application To File A Short Sur-reply In Response To Defendant's Reply In Support Of Its Motion To Dismiss" to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants: Maame A.F. Ewusi-Mensah. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. The parties may access this filing through the Court's system.

s/Robert L. Magrini
Robert L. Magrini

todd.gen\plaintiff's reply in response to defendant's reply