# In the United States Court of Federal Claims

No. 07-324 C

(Filed: January 29, 2008)

| | |
|---|---|
| ********************************** | |
| **TODD CONSTRUCTION, L.P. f/k/a** | * |
| **TODD CONSTRUCTION CO., INC.,** | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | * |
| **THE UNITED STATES,** | * |
| | * |
| Defendant. | * |
| | * |
| ********************************** | |

**ORDER**

On October 19, 2007, Plaintiff filed a motion for leave to file a sur-reply to Defendant's Reply in Support of its Motion to Dismiss. Defendant filed a response to Plaintiff's motion on November 5, 2007, to which Plaintiff replied on November 19, 2007.

In its initial motion, Plaintiff argues that Defendant's reply asserts "for the first time a new position that its motion to dismiss should be treated as a motion for summary judgment." Plaintiff's Application to File a Short Sur-Reply in Response to Defendant's Reply in Support of its Motion to Dismiss at 1. Furthermore, Plaintiffs continue, "the Government has taken out of context and has otherwise misstated various statements in Todd's brief in opposition of the Government's motion." *Id*. Defendant responds, correctly, that its reply makes no reference to summary judgment and that "[t]he fact that Todd Construction may disagree with the United States'[s] characterization of Todd Construction's position is insufficient grounds for leave to file a sur-reply." Defendant's Opposition to Plaintiff's Motion for Leave to File Sur-Reply at 1-2.

Plaintiff then changes its argument in replying to Defendant's response, stating that Defendant should not be permitted to argue that this Court lacks jurisdiction over Plaintiff's claim under the Administrative Procedures Act ("APA"), 5 U.S.C. §§ 701, *et. seq.*, and then seek a merits adjudication on those same claims. Plaintiff's Reply in Support of its Application to File a Short Sur-Reply in Response to Defendant's Reply in Support of its Motion to Dismiss at 2. Next, Plaintiff contends that Defendant, in its reply, requested for the first time a dismissal with prejudice, which Plaintiff argues is tantamount to converting the motion to dismiss to one for summary

judgment. *Id*.

Sur-replies may be permitted when the movant would be unable to contest matters presented to the court for the first time in an opponent's reply. *See Impresa Construzioni Geom. Domenico Garufi v. United States*, 73 Fed. Cl. 718, 720 (2006) ("Because plaintiff raised new arguments in its Reply brief, the court granted defendant leave to file a sur-reply in answer to plaintiff's new arguments."). The only "new issue" Defendant raises in its reply, if it can be called an issue at all, involves, as Plaintiff points out, use of the phrase "dismiss . . . with prejudice" for the first time, though Defendant does so while generically referring to "Todd Construction's complaint," and not specifically to Plaintiff's APA claim. Defendant's Reply in Support of its Motion to Dismiss at 5. The Court, however, does not believe that this development warrants a sur-reply.

Accordingly, Plaintiffs' motion for leave to file a sur-reply is **DENIED**.

s/Edward J. Damich
EDWARD J. DAMICH
Chief Judge