# In the United States Court of Federal Claims

No. 07-324 C

(Filed: February 13, 2008)

***********************************
**TODD CONSTRUCTION, L.P. f/k/a TODD CONSTRUCTION CO., INC.,**

Plaintiff,

v.

**THE UNITED STATES,**

Defendant.
***********************************

## ORDER FOR SUPPLEMENTAL BRIEFING

The Court has concluded that supplemental briefing is required to assist in the consideration of Defendant's Motion to Dismiss ("Def.'s Mot."), specifically in regard to two issues–1) the extent to which the Tucker Act, 28 U.S.C. § 1491, allows this Court to exercise jurisdiction over claims arising under the Contract Disputes Act ("CDA"), 41 U.S.C. §§ 601-613, and 2) whether this Court should transfer this case to another federal district court in lieu of dismissal.

### 1. Jurisdictional Issues

Defendant contends that Plaintiff's action does not qualify under the Tucker Act's provision of jurisdiction for this Court over certain "nonmonetary disputes on which a decision of the contracting officer has been issued under section 6 [41 U.S.C. § 605] of [the CDA]." 28 U.S.C. § 1491(a)(2). The parties' principal briefs, however, do not sufficiently define whether the "comments" or "appeal" Plaintiff submitted to the United States Army Corps of Engineers ("Corps") qualify as the sort of CDA claim the Tucker Act specifies. *See* Complaint ¶¶ 5, 7. The Court, therefore, directs the parties to each prepare a brief on the following questions:

A. While the CDA does not clarify what exactly constitutes a "claim," the Federal Acquisition Regulations ("FAR") define the term as "a written demand or written assertion by one of the contracting parties seeking, as a matter of right, the payment of money in a sum certain, the adjustment or interpretation of contract terms, or other relief arising under or relating to [the

contract at issue]." FAR [48 C.F.R.] § 52.233-1(c). Did Plaintiff present such a "claim" to the Corps?

In answering this question, the parties should present detailed and narrowly focused arguments as to whether Plaintiff submitted to the Corps i) a written assertion ii) seeking, as a matter of right, iii) relief arising under or relating to the contract or contracts at issue (Plaintiff refers to two task orders at the same location, but does not specify if only a single contract was involved). The Court is specifically interested in the relevance, or lack thereof, of *Alliant Techsystems, Inc. v. United States*, 178 F.3d 1260 (Fed. Cir. 1999) and *Record Steel and Construction, Inc. v. United States*, 62 Fed. Cl. 508 (2004) to the facts of this case. Additionally, the Court encourages the submission of any pertinent documents (e.g. contract/s at issue, correspondence between Plaintiff and the Corps regarding Plaintiff's appeal of the Corps's performance evaluation).

B. Plaintiff concedes this Court's lack of jurisdiction under the Administrative Procedures Act ("APA"), 5 U.S.C. § 701, *et. seq*. Plaintiff's Objection to Defendant's Motion to Dismiss and Brief in Support at 5. According to what criteria should this Court review the Corps's performance evaluations, if at all?

**2. Transfer of the Case**

In the event that the Court decides that it lacks subject matter jurisdiction over this case, Plaintiff requests an order of transfer to a federal district court that would be able to consider this action under the APA. *Id*. The parties are, therefore, directed to address the following questions in their supplemental briefs:

A. The federal transfer statute, 28 U.S.C. § 1631, mandates that a federal court "shall . . . transfer" a case over which jurisdiction is lacking to another federal court in which the case could have been brought at the time it was filed. 28 U.S.C. § 1631. Such a transfer, however, must advance the "interest of justice." *Id*. Does this statute apply here? If so, to what federal district court should the Court transfer this case? Please discuss why a specific court is appropriate for this case.

B. Another judge of the United States Court of Federal Claims, George W. Miller, has stated that the "use of the phrase 'shall . . . transfer' [in 28 U.S.C. § 1631] 'persuasively indicates that transfer, rather than dismissal, is the option of choice.'" *Edelmann v. United States*, 76 Fed. Cl. 376, 384 (2007) (citations omitted). Nonetheless, other case law has suggested that a court may take a "peek at the merits" to determine if a transfer would make sense

or simply waste judicial resources by allowing a claim with no chance of success to survive. *See Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 436 (2d Cir. 2005); *Phillips v. Seiter*, 173 F.3d 609, 610 (7th Cir. 1999). In moving to dismiss Plaintiff's APA claim for failure to state a claim for which relief can be granted, Defendant appears to advocate the latter course. Def.'s Mot. at 2-3. Is such a "peek at the merits" appropriate here? If so, what conclusions should this Court draw?

In regard to this question alone, given its implication of a motion to dismiss for failure to state a claim, the parties should not refer to any matter outside the pleading that they might submit in connection with their briefing on the issue of subject matter jurisdiction. *See* Rule of the Court of Federal Claims 12(b) ("If, on a motion . . . to dismiss for failure to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment . . .").

* * *

The Court ORDERS Plaintiff to submit a brief on these four issues, no longer than twenty (20) pages, on or before **Friday, February 29, 2008**. Defendant may file a brief in response, also no longer than twenty (20) pages, on or before **Friday, March 14, 2008**.

s/Edward J. Damich
EDWARD J. DAMICH
Chief Judge