**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| TODD CONSTRUCTION, L.P. f/k/a<br>TODD CONSTRUCTION CO., INC.,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 07-324C<br>(Judge Edward J. Damich) |

**PLAINTIFF'S SUPPLEMENTAL BRIEF IN SUPPORT OF**
**<u>OBJECTION TO DEFENDANT'S MOTION TO DISMISS</u>**

Plaintiff, Todd Construction, L.P. f/k/a Todd Construction Co., Inc. ("Todd"), in accordance with the Court's February 13, 2008, Order, submits the following supplemental brief in support of its objection to the motion to dismiss filed by defendant, The United States of America ("Government").

**1. This Court Possesses Jurisdiction over Todd's Claims.**

Todd's request for relief from the Government's unsatisfactory performance evaluations is a "claim" as defined by the Federal Acquisition Regulation ("FAR") over which this Court has jurisdiction under the Tucker Act, 28 U.S.C. §1491. As the Court correctly notes, neither the Tucker Act nor the Contract Disputes Act, 41 U.S.C.A. §§601-613 ("CDA"), specifically define the term "claim." However, the FAR defines a "claim" as:

> A written demand or written assertion by one of the contracting parties seeking, as a matter of right, the payment of money in sum certain, the adjustment or interpretation of contract terms, **<u>or other relief arising under or relating to [the contract at issue]</u>**. *See,* 48 C.F.R. §52.233-1( c).

In *Record Steel and Const., Inc. v. U.S.*, 62 Fed.Cl. 508 (2004), this Court determined that a contractor's request that its performance evaluations "be reevaluated and changed based on the

information provided" constituted a claim under the FAR. Id. at 519. In so holding, this Court noted that the contractor was "seeking relief related to the contract pursuant to a claim of right" and that the Government "bears the responsibility to **properly** process the claim." Id. *(Emphasis added).* The Court held that it had jurisdiction under §1491(a)(2) of the Tucker Act. Id. at 520. The present facts are strikingly similar, if not identical, to those in *Record Steel*, as they relate to the contractor's demand for relief from the Government's performance evaluations:

> 1. On March 22, 2006, the Government issued proposed final evaluations in connection with two projects known as; "Repair ALS Roof, Building 3611, Project No. VKAG99-1130, Seymour Johnson AFB, NC" and "Repair Roof of Building 2121 Project No. VKAG00-1165 Seymour Johnson AFB, NC" ("Projects").[1] The evaluations rated Todd's overall performance on the Projects as unsatisfactory. The evaluations were sent to Todd for comment. Todd timely submitted its comments to the Corps, on April 20, 2006.
>
> 2. On July 21, 2006, the Corps issued final evaluations on the Projects. Todd timely appealed the final evaluations on August 18 and October 2, 2006.
>
> 3. On April 25, 2007, the Corps issued a final decision rejecting Todd's appeal and reissuing the earlier proposed final evaluations.

Attached are the pertinent documents supporting the facts stated above. (Exhibit "A," March 22, 2006, performance evaluations; Exhibit "B," Todd's April 20, 2006, response to the performance evaluations; Exhibit "C," the Government's July 21, 2006, final evaluations; Exhibit "D," Todd's August 18, 2006, appeal of the final evaluations; Exhibit "E," Todd's October 2, 2006, supplemental appeal; and, Exhibit "F," the Government's April 25, 2007, final decision refusing to modify or withdraw its unsatisfactory performance evaluations).

[1] The Projects are actually two separate task orders issued to Todd under a single contract -- DACA2103D0021.

Todd specifically requested that the Government "withdraw the evaluations altogether or revise them to indicate that Todd's performance on both jobs was "satisfactory." " *See, e.g.,* Exhibit "E" at Page 1, ¶1. Todd's request constituted a written demand for relief arising under and relating to its contract within the meaning of 48 C.F.R. §52.233-1( c). As for the FAR requirement that such a written demand be sought "as a matter of right," this issue was addressed by the Court in *Record Steel* as follows:

> In *Alliant Techsystems, Inc. v. United States*, 178 F.3d 1260 (Fed.Cir.1999), the Court of Appeals explained that the phrase "as a matter of right" "requires only that the contractor specifically assert entitlement to the relief sought. **That is, the claim must be a demand for something due or believed to be due** rather than, for example, a cost proposal for work the government later decides it would like performed." Id. at 1265. *See,* 62 Fed.Cl. at 519.

Without question, Todd has made a demand for something it believes is due from the Government -- that is, correction or withdrawal of the Government's unsatisfactory performance evaluations. As the Federal Circuit noted in *Alliant*, *supra,* all that is required of a claimant on this issue is to show that it has a legal and contractual ground warranting the relief requested. 178 F.3d at 1265. Todd has met its burden. The language of the Tucker Act, CDA and FAR, and cases decided thereunder, clearly provide for a legal remedy on account of the Government's conduct in issuing unsatisfactory performance evaluations. Because the FAR expressly governs the task orders at issue, Todd has also asserted a clear contractual right to the relief requested. Again, as noted by this Court in *Record Steel*, upon submission of a claim by a contractor, the Government bears the responsibility to **properly** process the claim. Id. at 519. Its failure to do so is actionable by Todd.

The final jurisdiction-related question raised by the Court is, assuming that jurisdiction exists, what criteria should the Court employ in reviewing the Government's conduct? While this Court

held in *Record Steel* that it had jurisdiction over the contractor's claim, it did not reach a merits determination of the same (the opinion involved only the jurisdictional issue) or otherwise address the appropriate standard of review. However, the Tucker Act may provide the answer. This Court's jurisdiction over non-monetary claims arises from §1491(a) of the Tucker Act. Section 1491(b) governs bid protests. While this Court does not have jurisdiction over claims arising under the Administrative Procedures Act, 5 U.S.C.A. §551 *et seq.* ("APA"), Congress nevertheless saw fit to require this Court to utilize APA standards in reviewing bid protests under §1491(b):

> In any action under this subsection, the courts shall review the agency's decision pursuant to the standards set forth in section 706 of title 5. *See,* 28 U.S.C.A §1491 (b)(4).

Although there is no similar language in subsection (a) of the Tucker Act, it stands to reason that the same standard of review would be applied to non-monetary disputes. After all, when construing a statute, courts are required to give effect to all its parts. In *RAMCOR Services Group, Inc. v. U.S.*, 185 F.3d 1286 (Fed. Cir. 1999), the Federal Circuit affirmed this Court's decision to render a merits determination over a governmental agency's decision to override the automatic stay provision of 31 U.S.C.A. § 3553, even though the agency only alleged violations under the APA (as opposed to §1491). In so holding, the Court stated:

> **This court is not persuaded that the trial court lacks jurisdiction because INS allegedly only violated the APA, not a procurement statute. The ADRA explicitly imports the APA standards of review into the Court of Federal Claims' review of agency decisions**. *See* 28 U.S.C. § 1491(b)(4) ("In any action under this subsection, the courts shall review the agency's decision pursuant to the standards set forth in section 706 of title 5."). Section 1491(b)(4) thus provides the substantive requirements that § 3553(c)(2) lacks. Stated otherwise, an agency may "violate" § 3553(c)(2) by issuing a written finding that does not meet the substantive review criteria of § 1491(b)(4). An objection to such a violation falls squarely within the jurisdictional ambit of § 1491(b)(1). **Although a contractor may**

> **instead pursue a district court action under the APA to seek redress for an agency's deficient § 3553(c)(2) override, that remedy does not alter the jurisdiction of the Court of Federal Claims. The ADRA, by its terms, provides alternative avenues for judicial review**.
>
> Accordingly, this court determines that 28 U.S.C. § 1491(b)(1) grants the trial court jurisdiction over an objection to a violation of 31 U.S.C. § 3553(c)(2). Therefore, this court vacates that portion of the trial court's decision to the contrary. Id. at 1290. *(Emphasis added).*

Because the APA standards should apply in rendering a merits determination, this Court should review the Government's conduct to determine if it: 1) was arbitrary, capricious, an abuse of discretion and not in accordance with law; 2) was beyond the Government's statutory and regulatory authority; 3) was a failure to properly observe procedures required by law; or, 4) was unsupported by substantial evidence and/or unwarranted. *See,* 5 U.S.C.A. §706. In *Seattle Sec. Services, Inc. v. U.S.*, 45 Fed.Cl. 560 (2000), this Court applied the APA's "arbitrary and capricious" standard in the context of a bid protest. However, the opinion is persuasive on this issue because the Court also applied the standard in addressing how the government *evaluated* past performance. The Court held:

> Agency personnel are generally given great discretion in determining what references to review in evaluating past performance. "There is no requirement that all references listed in a proposal be checked." * * * Moreover, an agency, in evaluating past performance, "can give more weight to one contract over another if it is more relevant to an offeror's future performance on the solicited contract." * * * **But, bound by the arbitrary and capricious standard of review, the exercise of this discretion obviously must be reasonable-and here it was not**. Id. at 567. *(Emphasis added). (Internal citations omitted).*

It is logical that the same APA standards would be applied in the first instance, that is, where a performance evaluation is first prepared (as opposed to reviewed later for the purposes of making

a decision to accept an offer). Of course, this underscores the importance of this issue. Performance evaluations are required and routinely used by governmental agencies in deciding whether or not to award contracts in the future. It follows that where two contractors are otherwise on equal footing, the contractor with the better performance evaluation will undoubtedly be awarded the contract. Where, as here, a performance evaluation is rendered in an arbitrary and capricious or otherwise unlawful manner, a contractor no longer has equal footing with its competitors. That is not what the procurement statutes and regulations are designed to foster.

**2. The Court Should Transfer this Case to the U.S. District Court for the Western District of Oklahoma, If It Decides It Does Not Have Jurisdiction.**

Assuming subject matter jurisdiction does not exist, the Court has asked whether or not dismissal or transfer is warranted, and in deciding this issue, whether or not it should "peek at the merits" of the dispute. Before addressing the Court's inquiry, one point must be made clear. The Government has argued that this Court should "dismiss with prejudice" Todd's claims for want of jurisdiction, but concedes that Todd's claims are nevertheless proper under the APA.[2] Dismissal with prejudice clearly is not an option that should be exercised by this Court. After all, should this Court decide it does not have jurisdiction, it is axiomatic that it cannot proceed to summarily decide Todd's claims! The proper procedure would be to transfer the case.

---

[2] The Government argues at page 8 of its original motion: "Upon the face of its complaint, Todd Construction's claims are related only to the Government's alleged violations of internal procedures governing the issuance of performance evaluations. Such a claim is properly an APA claim, and therefore cannot be heard in this Court." However, at pages 2 and 3 of its reply, the Government suggests Todd's APA claim fails for lack of specificity and, therefore, be dismissed with prejudice. The Government's argument is belied by the plain language of Todd's complaint which alleges that the Government's actions were, in fact, "arbitrary, capricious, an abuse of discretion and not in accordance with law."

In *Edelmann v. U.S.*, 76 Fed.Cl. 376 (2007), this Court held that transfer of the plaintiff's tort claims against the Government was warranted, as opposed to dismissal, because, pursuant to 28 U.S.C.A. §1631, the plaintiff's claims could have originally been brought in another court and it was "in the interest of justice" to transfer the case. Id. at 384. Here, Todd could have brought suit against the Government in district court because its claims arise under the APA. Todd chose to file its action in this Court because its claims also arise under the Tucker Act, specifically, §1491(a). Although claims arising under §1491(b) of the Tucker Act may be brought in either the district courts or this Court, there is no similar language found in §1491(a). Out of an abundance of caution, Todd chose this Court to avoid losing any rights it might have under §1491(a). If Todd is incorrect (and §1491(a) does not apply), then only its claims arising under the APA will survive. Since Todd's claims arising under the APA could have been brought in a district court, the case should be transferred rather than dismissed.[3]

The Court has also asked whether or not it is necessary to "peek at the merits" of the dispute in order to decide whether or not a transfer is warranted, referring to two decisions, *Daniel v. Am. Bd. of Emergency Med.,* 428 F.3d 408, 436 (2d Cir. 2005); and, *Phillips v. Seiter,* 173 F.3d 609, 610 (7th Cir. 1999). These decisions do not suggest that a court is permitted to weigh the merits of the case when deciding a motion to dismiss (courts are not so permitted). Instead, the opinions stand for the proposition that a court has limited jurisdiction under 28 U.S.C.A. §1631 to determine if an action -- <u>on its face</u> -- would be a waste of time in another court. For example, in *Phillips,* the Court noted that the plaintiff's claims were time-barred, so transfer to another court would not have made

---

[3] It must be emphasized that the Federal Circuit in *RAMCOR* declined to find that this Court had no jurisdiction where the plaintiff only alleged violations of the APA. 185 F.3d at 1290. Whether a contractor may have a right to bring an action in a district court under the APA does not alter the jurisdiction of this Court.

any difference. In *Daniel,* the plaintiffs lacked standing to pursue an antitrust claim, so transfer was not warranted. Here, by contrast, Todd's action was, in fact, timely filed as demonstrated on the face of its pleadings. Moreover, Todd's complaint certainly establishes that it has standing under either the APA or the Tucker Act. After all, Todd was a party to the contract under which the Government acted arbitrarily, capriciously and in a manner otherwise harmful to Todd. Although Todd does not believe there is any deficiency in its pleadings, if this Court decides otherwise, then dismissal is not warranted. Leave is routinely granted to allow parties to cure any pleading deficiencies by amendment. *See,* Rule 15 of the Rules of the U.S. Court of Federal Claims; *Hess v. U.S.,* 537 F.2d 457, 461-462 (Ct. Cl. 1976) [the rules allowing amendments to pleadings should be liberally construed and leave should be freely given as required]; and, *Moen v. U. S.*, 121 F.Supp. 677, 679 (Ct. Cl. 1954) [where plaintiff established facts in response to motion to dismiss, leave was properly granted to allow plaintiff to amend pleadings to conform to the evidence].

Finally, the Court has asked that if transfer is warranted, to which court should the case be transferred? Pursuant to 28 U.S.C. §1391(e), a civil action where a defendant is the United States may be brought in any judicial district in which the plaintiff resides (if no real property is involved in the action). Here, Todd's headquarters are located in Oklahoma County, Oklahoma. Therefore, if transfer is warranted, it should be to the U.S. District Court for the Western District of Oklahoma, which is located in Oklahoma County, Oklahoma.

Respectfully submitted,

s/Robert L. Magrini
Robert L. Magrini, OBA #12385
Marvin Laws, OBA #18759
Hayes Magrini & Gatewood
1220 North Walker (73103)
Post Office Box 60140
Oklahoma City, Oklahoma 73146-0140
rmagrini@hmglawyers.com
mlaws@hmglawyers.com
Phone: (405) 235-9922
Fax: (405) 235-6611

*Attorneys for Plaintiff, Todd Construction, L.P. f/k/a Todd Construction Co., Inc.*

**CERTIFICATE OF FILING**

On the 29th day of February, 2008, I electronically transmitted the foregoing "Plaintiff's Supplemental Brief in Support of Objection to Defendant's Motion to Dismiss" to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants: Maame A.F. Ewusi-Mensah. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. The parties may access this filing through the Court's system.

s/Robert L. Magrini
Robert L. Magrini

todd.gen\supp.brief