| PERFORMANCE EVALUATION (Source Selection Sensitive Information, See FAR 2.101 and 3.104) | CONSTRUCTION |
|---|---|

**1.Contract Number:** DACA2103D0021 0003

**2.DUNS Number:** 620447052

**PART I - GENERAL CONTRACT DATA**

**3.Type of Evaluation:** Final **Percent Complete:**

**4.Terminated For:** None

**5.Contractor:**
TODD CONSTRUCTION CO., INC.
9626 N MAY AVE. SUITE 275
OKLAHOMA CITY, OK, 73120
US
NAICS Code: 236220

**6a.Procurement Method:** Negotiated

**6b.Type of Contract:** Other: IDC

**7.Description and Location of Work:**
REPAIR ALS ROOF, BUILDING 3611, PROJECT NO. VKAG 99-1130. LD RATE: #376.14/DAY. SEYMOUR JOHNSON AFB, NC

**8.Type and Percent of Subcontracting:**
100% General Construction

**9.Fiscal Data**
a.Amount of Basic Contract: $ 389,262
b.Total Amount of Modifications: $ 0
c.Liquidated Damages Assessed: $ 112,842
d.Net Amount Paid Contractor: $ 276,421

**10.Significant Dates**
a.Date of Award: 09/29/2003
b.Original Contract Completion Date: 03/27/2004
c.Revised Contract Completion Date: 07/30/2004
d.Date Work Accepted: 10/14/2005

**PART II - PERFORMANCE EVALUATION OF CONTRACTOR**

**11.Overall Rating:** Unsatisfactory

**12.Evaluated By:**
a.Organization: U.S. ARMY CORPS OF ENGINEER, SEYMOUR JOHNSON RESIDENT OFFICE
b.Telephone Number: (919) 722-5865
c.Name: STEPHEN T. BLANCHARD, PE
Title: RESIDENT ENGINEER
Email: stephen.t.blanchard@sas02.usace.army.mil
Fax Number: (919) 722-5870
e.Date: 03/22/2006

**13.Reviewed By:**
a.Organization: ACOE SAVANNAH DISTRICT
b.Telephone Number: 9126525075
c.Name: KAREN J. DONALD
Title: CONTRACTING OFFICER
Email: karen.j.donald@sas02.usace.army.mil
Fax Number: 91926525828
e.Date: 07/21/2006

EXHIBIT
C

## PART III - EVALUATION OF PERFORMANCE ELEMENTS

| | | | |
|---|---|---|---|
| **15.Quality Control** | | **16.Effectiveness of Management** | |
| a.Quality of Workmanship: | Unsatisfactory | a.Cooperation and Responsiveness: | Unsatisfactory |
| b.Adequacy of the CQC Plan: | Satisfactory | b.Management of Resources/Personnel: | Unsatisfactory |
| c.Implementation of the CQC Plan: | Unsatisfactory | c.Coordination and Control of Subcontractor(s): | Unsatisfactory |
| d.Quality of QC Documentation: | Satisfactory | d.Adequacy of Site Clean-Up: | Satisfactory |
| e.Storage of Materials: | Satisfactory | e.Effectiveness of Job-Site Supervision: | Unsatisfactory |
| f.Adequacy of Materials: | Satisfactory | f.Compliance with Laws and Regulations: | Satisfactory |
| g.Adequacy of Submittals: | Unsatisfactory | g.Professional Conduct: | Satisfactory |
| h.Adequacy of QC Testing: | Satisfactory | h.Review/Resolution of Subcontractor's Issues: | Unsatisfactory |
| i.Adequacy of As-Builts: | Satisfactory | i.Implementation of Subcontracting Plan: | Marginal |
| j.Use of Specified Materials: | Satisfactory | **18.Compliance with Labor Standards** | |
| k.Identification/Correction of Deficient Work in a Timely Manner: | Unsatisfactory | a.Correction of Noted Deficiencies: | Not Applicable |
| **17.Timely Performance** | | b.Payrolls Properly Completed and Submitted: | Satisfactory |
| a.Adequacy of Initial Progress Schedule: | Unsatisfactory | c.Compliance with Labor Laws and Regulations with Specific Attention to the Davis-Bacon Act and EEO Requirements: | Satisfactory |
| b.Adherence to Approved Schedule: | Unsatisfactory | **19.Compliance with Safety Standards** | |
| c.Resolution of Delays: | Unsatisfactory | a.Adequacy of Safety Plan: | Satisfactory |
| d.Submission of Required Documentation: | Unsatisfactory | b.Implementation of Safety Plan: | Satisfactory |
| e.Completion of Punchlist Items: | Unsatisfactory | c.Correction of Noted Deficiencies: | Satisfactory |
| f.Submission of Updated and Revised Progress Schedules: | Unsatisfactory | | |
| g.Warranty Response: | Satisfactory | | |

**20.Remarks**

Evaluator Remarks: Timeliness of Performance - Award was made and NTP was given on 29 Sep 03 - Overall duration is 180 calendar days, including a 60 day submittal phase at the beginning. - Contractor failed to submit a schedule until 4 March 04. 4 March schedule was disapproved, and resubmitted on 6 Apr 04. - Contractor failed to provide submittals in a timely manner. First

submittal was not received until 15 Jan 04. - Contract modification SF-30 was signed by contractor on 9 June 04 - Engineer drawings for modification were not received until 13 July 04 and were subsequently disapproved - Truss and deck materials did not start arriving until 20 July 04 - Engineer drawings for modification were resubmitted on 22 July 04 and disapproved once again - Engineer stamped drawings for modification was found to be fabricated by the subcontractor - Engineer drawings for modification were disapproved once again on 30 July 04 - Engineer drawings for modification resubmitted on 9 August 04 and finally approved on 10 August 04 - Subcontractor pulled off the job site and a new subcontractor arrived on site 23 August 04 - Construction began 25 August 04 - Shortage of materals halted work for 3 weeks on 6 October 04 - Contractor failed to pursue work diligently, failed to maintain control of subcontracts, and failed to provide materials and the required engineer drawings in a timely and professional manner. - Contractor held prefinal inspection on 9 May 05. took contractor until 14 October to correct deficiencies. Effectiveness of Management - Government sent the contractor a letter on 17 Dec 03. concerning the lack of progress. Contractor failed to increase effort to mitigate the poor performance. - Government sent the contractor a letter on 5 Feb 04. concerning lack of progress and possible interim unsatisfactory rating. Contractor responded with letter stating they had problems with their roofing subcontractor and had replaced them recently. - Contractor failed to control and supervise subcontractors. leading to extensive delays due to lack of performance and insufficient materials - Quality Control - Contractor's quality control system failed to transmit submittals in a timely manner and failed to update the submittal register to indicate when submittals were required in order to have timely delivery and on time project execution - Contractor failed to review engineer drawings submitted by the subcontractor and submitted drawings that were fabricated to look as though they were stamped by a professional engineer when in fact they had not even been reviewed or designed by a professional engineer. - Contractor's quality control system failed to correct deficient work and allowed deficient work to be installed. Delaying progress due to rework and correction of deficiencies.

Contractor Remarks: Todd Construction has not and will not deny that this project has had more problems than almost any other we have ever worked on in the past. However, Todd believes that the proposed "unsatisfactory" performance evaluation is unwarranted. A review of the file reveals that Todd took extraordinary steps to supervise, manage, coordinate and control its subcontractors. It was also responsive to the Government's concerns and did everything possible to resolve issues with its subcontractors. Without qustion the problems with subcontractors made it difficult to develop and submit in a timely fashion a meaningful construction schedule. However, there were other problems - design issues, the shifting of engineering responsibility to Todd, materials shortages, etc. - that severly impacted Todd's progress. Notwithstanding these events, the Government never lost use of these facilities. This project began based on a site visit on September 4 & 5, 2003. This site was one of 16 that were visited in a 2 day period. Proposals were due in Savannah on September 15, 2003, which afforded little opportunity to inspect any of the jobsites beyond learning their respective locations at Seymour Johnson AFB. The original low bidder for this project was a subcontractor recommended by Government personnel for having done satisfactory work of a similar nature at Seymour Johnson AFB. Todd Construction's bid price was based on their quote and the Government's recommendation. Following award of this delivery order by the Government on September 29, 2003, Todd's first tier subcontractor moved swiftly to execute a subcontract with the low bidder. By January 12, 2004, when a "Meeting of Mutal Understanding" was held it appeared the project was going forward without incident. It soon became apparent. however. that the orignal low bidder was not going to execute a subcontract. The second bidder was then contacted to take over the project. That subcontractor had completed many similar projects at Ft. Bragg and the local area. Upon negotiation of higher pricing from this subcontractor than Todd had based its proposal on, Todd moved forward absorbing the cost increase. When this contractor completed the demolition portion of the work it was discovered that the bid document drawings did not represent actual field conditions. Also the Government plans were not per current building codes. These

discoveries resulted in several unanticipated changes in design. approval and material delivery. all of which delayed the project. The design portion alone required investigation, analysis and discussions that were not anticipated by any party. The Government left redesign of the plans to Todd even though this was not a design/build project. During this portion of the project indications began to surface that the new subcontractor might be having some problems, cash flow and personnel. In fact, the Government determined that the subcontractor had altered submittals without the knowledge of the structural engineer. Upon this being pointed out, Todd began to take steps to replace this subcontractor with yet another. To minimize further delays during this transitional period, Todd had to continue working with the same structural engineer initially retained by the second subcontractor. Upon approval of revised design, the materials had to be ordered, fabricated, delivered and installed at a point when material shortages and increasing prices affected every step in the process. going to a third subcontractor cost Todd a considerable amount of money. The third subcontractor installed the roof on the three story portion of this building in our opinion and to our knowledge. with minimal delay and incident. The roof on the one story portion required separate design as its characteristics are significantly different than the higher roof. Completing this area of the project was further complicated by the fact that it was used as classrooms and is occupied daily. Scheduling of access to this portion was problematic for all involved and resulted in even more delays beyond Todd's control. In addition to all the problems that had been encountered up to this point the third subcontractor ended up in a major disagreement with one of its subcontractors that remains in litigation at this time, once again creating delays in the final punch work. This was further complicated by the Government asking that rework be performed on areas that had already been completed without comment from the Government. Given all of the unlikely events of this project Todd understands the frustration of the Government but we are still unsure how the "quality control system" is acountable for submittals when the subcontractors involved either refuse to provide them or the field conditions preclude them from being done. The goverment was included in discussion with some of these subcontractors and heard the same commitments that Todd heard and agreed at the time that the course of action taken by Todd was the best of all available options. It occurs to Todd that our efforts to continue with this work and receive a satisfactory rating in 16 of the 33 items for evaluation did not receive consideration. There are no single elements rated at marginal. It seems no consideratin has been given to the fact that numerous issues impacted Todd's progress and that Todd spent over $236,000.00 more than the contract amount to complete this project. This figure does not include the liquidated damages held in the amount of $112,944.95 for a total out of pocket cost to date of aproximately $349,000.00 on a contract in the amount of $389,262.75. These figures do not include any supervision or overhead. Because it did everything possible to respond to the difficulties on this project and suffered significate financial losses in an effort to rectify problems beyond its control, Todd believes the proposed unsatisfactory evaluation is unfair and not justified.

CONCURRENCE: I do not concur with this evaluation.
Contractor Name: TOM LA GALLE
Title: VICE PRES.
Telephone Number: 910-436-8600
Date: 04/20/2006

Reviewer Remarks: I have reviewed the original remarks from Todd Constructioin and the supplemental documentation authorized by the undersigned and submitted on 19 July 2006 by Todd Construction. The additional documentation provided minimal information to overturn and/or warrant a change in rating. Todd Construction failed in complying with the terms and conditions of the contract related to Quality Control, Timely Performance, and Effectiveness of Management. I hereby concur with the final Unsatisfactory rating. Karen J. Donald, Contracting Officer.

| PERFORMANCE EVALUATION (Source Selection Sensitive Information, See FAR 2.101 and 3.104) | CONSTRUCTION |
|---|---|

**1.Contract Number:** DACA2103D0021 0004

**2.DUNS Number:** 620447052

**PART I - GENERAL CONTRACT DATA**

**3.Type of Evaluation:** Final **Percent Complete:**

**4.Terminated For:** None

**5.Contractor:**
TODD CONSTRUCTION CO., INC.
9636 N MAY AVE., SUITE 275
OKLAHOMA CITY, OK, 73120
US
NAICS Code: 236220

**6a.Procurement Method:** Negotiated

**6b.Type of Contract:** Other: IDC

**7.Description and Location of Work:**
REPAIR ROOF OF BUILDING 2121, PROJECT NO. VKAG 00-1165, SEYMOUR JOHNSON AFB, NC

**8.Type and Percent of Subcontracting:**
82% General Construction

**9.Fiscal Data**
a.Amount of Basic Contract: $ 486,272
b.Total Amount of Modifications: $ 0
c.Liquidated Damages Assessed: $ 35,357
d.Net Amount Paid Contractor: $ 450,916

**10.Significant Dates**
a.Date of Award: 09/29/2003
b.Original Contract Completion Date: 03/27/2004
c.Revised Contract Completion Date: 06/25/2004
d.Date Work Accepted: 09/30/2005

**PART II - PERFORMANCE EVALUATION OF CONTRACTOR**

**11.Overall Rating:** Unsatisfactory

**12.Evaluated By:**
a.Organization: U.S. ARMY CORPS OF ENGINEERS, SEYMOUR JOHNSON RESIDENT OFFICE
b.Telephone Number: (919) 722-5865
c.Name: STEPHEN T. BLANCHARD, PE
Title: RESIDENT ENGINEER
Email: stephen.t.blanchard@sas02.usace.army.mil
Fax Number: (919) 722-5870
c.Date: 03/22/2006

**13.Reviewed By:**
a.Organization: ACOE SAVANNAH DISTRICT
b.Telephone Number: 9126525075
c.Name: KAREN J. DONALD
Title: CONTRACTING OFFICER
Email: karen.j.donald@sas02.usace.army.mil
Fax Number: 9126525828
e.Date: 07/21/2006

**PART III - EVALUATION OF PERFORMANCE ELEMENTS**

| | | | |
|---|---|---|---|
| **15.Quality Control** | | **16.Effectiveness of Management** | |
| a.Quality of Workmanship: | Unsatisfactory | a.Cooperation and Responsiveness: | Unsatisfactory |
| b.Adequacy of the CQC Plan: | Satisfactory | b.Management of Resources/Personnel: | Unsatisfactory |
| c.Implementation of the CQC Plan: | Unsatisfactory | c.Coordination and Control of Subcontractor(s): | Unsatisfactory |
| d.Quality of QC Documentation: | Satisfactory | d.Adequacy of Site Clean-Up: | Satisfactory |
| e.Storage of Materials: | Satisfactory | e.Effectiveness of Job-Site Supervision: | Unsatisfactory |
| f.Adequacy of Materials: | Satisfactory | f.Compliance with Laws and Regulations: | Satisfactory |
| g.Adequacy of Submittals: | Satisfactory | g.Professional Conduct: | Satisfactory |
| h.Adequacy of QC Testing: | Satisfactory | h.Review/Resolution of Subcontractor's Issues: | Unsatisfactory |
| i.Adequacy of As-Builts: | Satisfactory | i.Implementation of Subcontracting Plan: | Satisfactory |
| j.Use of Specified Materials: | Satisfactory | **18.Compliance with Labor Standards** | |
| k.Identification/Correction of Deficient Work in a Timely Manner: | Unsatisfactory | a.Correction of Noted Deficiencies: | Not Applicable |
| **17.Timely Performance** | | b.Payrolls Properly Completed and Submitted: | Satisfactory |
| a.Adequacy of Initial Progress Schedule: | Unsatisfactory | c.Compliance with Labor Laws and Regulations with Specific Attention to the Davis-Bacon Act and EEO Requirements: | Satisfactory |
| b.Adherence to Approved Schedule: | Unsatisfactory | **19.Compliance with Safety Standards** | |
| c.Resolution of Delays: | Unsatisfactory | a.Adequacy of Safety Plan: | Satisfactory |
| d.Submission of Required Documentation: | Unsatisfactory | b.Implementation of Safety Plan: | Satisfactory |
| e.Completion of Punchlist Items: | Unsatisfactory | c.Correction of Noted Deficiencies: | Satisfactory |
| f.Submission of Updated and Revised Progress Schedules: | Unsatisfactory | | |
| g.Warranty Response: | Unsatisfactory | | |

**20.Remarks**

Evaluator Remarks: Timeliness of Performance - Award was made and NTP was given on 29 Sep 03 - Overall duration is 180 calendar days. including a 60 day submittal phase at the beginning. - Contractor failed to submit a schedule until 6 Feb 04. 6 Feb schedule was disapproved, and resubmitted on 6 Apr 04. - Contractor failed to provide submittals in a timely manner. First

submittal was not received until 22 Dec 03. - Contractor failed to pursue work diligently. Contractor did not start work, until the week of 29 March 04. - Contractor failed to timely pursue completion of deficiencies. - Contractor failed multiple times in complying with completion schedules submitted. - Contractor failed to correct deficiencies in a timely manner. - Work accepted on 30 September 2005. - Finish on some roof panels were identified as rusting during the final inspection. It has been over 5 months and the contractor has failed properly investigate or correct this warranty item. Effectiveness of Management - Government sent the contractor a letter on 17 Dec 03, concerning the lack of progress. Contractor failed to increase effort to mitigate the poor performance. - Government sent the contractor a letter on 5 Feb 04, concerning lack of progress and possible interim unsatisfactory rating. Contractor responded with letter stating they would finish work on this building on 26 March 04. - Contractor failed to maintain control over subcontractors. - Contractor allowed subcontractor to cause further damage to panel paint resulting in further delays. - Contractor failed to insure that necessary quantities of materials were available to complete deficiencies resulting in further delays. Quality Control - Contractor's quality control system failed to transmit submittals in a timely manner and failed to update the submittal register to indicate when submittals were required in order to have timely delivery and on time project execution. - Contractor failed to hold subcontractor responsible for quality of workmanship. - Contractor's quality control system allowed work to progress out of sequence causing quality issues and extensive roof leaks. - Contractor's quality control system allowed subcontractors to field paint damaged roof panels without government approval and voiding the manufacturer's warranty.

Contractor Remarks: Todd Construction has not and will not deny that this project has had more problems than almost any other we have ever worked on in the past. However, Todd believes that the proposed "unsatisfactory" performance evaluation is unwarranted. A review of the file reveals that Todd took extraordinary steps to supervise, manage, coordinate and control its subcontractors. It was also responsive to the Government's concerns and did everything possible to resolve issues with its subcontractors. Without question, the problems with subcontractors made it difficult to develop and submit in a timely fashion a meaningful construction schedule. However, there were other problems - design issues, the shifting of engineering responsibility to Todd, materials shortages, etc. - that severly impacted Todd's progress. Notwithstanding these events, the Government never lost use of these facilities. This project began based on a site visit on September 4 & 5, 2003. This site was one of 16 that were visited in a 2 day period. Proposals were due in Savannah on September 15, 2003, which afforded little opportunity to inspect any of the jobsites beyond learning their respective locations at Seymour Johnson AFB. Upon investigation of the site, it was determined that the plans provided by the Government were not in compliance with current code requirements. The existing conditions were significantly different from what was depicted in the plans. The requirement to remove all existing roof decking and insulation could not be performed due to the critical nature of the activites ongoing in the facility. No alternate facility was available. This required extensive investigation and review of the existing structure so an alternate method could be designed within guidelines of sound engineering practices. The new design was rejected by the Government even though those reviewing the design had never visted the site. The government left the investigation, review and redesign to Todd. These problems resulted in several unanticipated changes in design, approval and material ordering and delivery, all of which delayed the project. Upon commencement of work the exisiting roof began to severly leak due to the activity of the workers as it was so badly deteriorated. Todd replaced a great deal of damaged ceiling tile and insulation as well as continuously cleaning within the building to mitigate the impact of the leaks that were onging before this project began. All of this was done by Todd at no additional cost to the Government. Todd was also required to replace approved materials after installation, at no additional cost, because the Government changed its mind about its color selection. Todd's original subcontractor was terminated by Todd at the suggestion of the Government. This resulted in many further delays and material shortages and changes as well as issues of who would provide warranty documents. In an attempt to expedite completion of the project, materials were resubmitted for approval by the

Government that had not been approved. Months later, after extensive searching for alternate materials, the original submittals were approved by the Government which caused further delays. These delays resulted in seasonal changes that hampered installation. Finally, the Government's proposed evaluation states that Todd failed to resolve or repair damaged finish in over 5 months since identification. In fact, the responsible subcontractor did contact its suppliers and their representatives. They came to the site and investigated. The manufacturer's representative determined that if a problem exists it would be with the supplier of the metal for the roof panels. On April 6, 2006. Ned Thomas of Mittal Steel came to the site along with Ken Daly of MBCI. Mr Thomas said that there is no failure of the roofing product and he did not recommend any action to the affected area as any procedure to remove the staining would, in his opinion, result in more damage than benefit. It occurs to Todd that our efforts to continue with this work and receive a satisfactory rating in 17 of the 33 items for evaluation did not receive consideration. There are no single elements rated at marginal. It seems no consideratin has been given to the fact that Todd continued a dialogue with the Government and made every effort to address project diffuculties and minimize inconvenience to the Government.

CONCURRENCE: I do not concur with this evaluation.
Contractor Name: TOM LA GALLE
Title: VICE PRES.
Telephone Number: 910-436-8600
Date: 04/20/2006

Reviewer Remarks: I have reviewed the original remarks from Todd Construction and the supplemental documentation authorized by the undersigned and submitted on 19 July 2006 by Todd Construction. The additional documentation provided minimal information to overturn and/or warrant a change in rating. Todd Construction failed in complying with the terms and conditions of the contract related to Quality Control, Timely Performance, and Effectiveness of Management. I hereby concur with the final Unsatisfactory rating. Karen J. Donald, Contracting Officer.

**EARTHLINK**

**From:** "Administrator" <webptsmh@navy.mil>
**To:** <tom.lagalle@earthlink.net>
**Sent:** Friday, July 21, 2006 4:15 PM
**Subject:** CCASS Notification

---------------------------------

07/21/2006 16:15:54

---------------------------------

CCASS NOTIFICATION
http://cpars.navy.mil

---------------------------------

Sent By/Respond To: karen.j.donald@sas02.usace.army.mil
The CCASS Evaluation for Contract: DACA2103D0021 0004 Period of Performance: 09/29/2003 - 06/25/2004 has been completed.