IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| TODD CONSTRUCTION, L.P. f/k/a<br>TODD CONSTRUCTION CO., INC.,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 07-324C<br>(Chief Judge Damich) |

DEFENDANT'S SUPPLEMENTAL BRIEFING ON ITS MOTION TO DISMISS

Pursuant to the Court's order of February 13, 2008, defendant, the United States, respectfully submits this supplemental brief in response to the brief filed by plaintiff Todd Construction, L.P. ("Todd Construction") regarding the four issues set forth in the Court's order. For the reasons addressed below, and for the reasons addressed in our prior briefs, this Court should grant our motion to dismiss and dismiss Todd Construction's complaint.[1] This Court should also decline to transfer Todd Construction's APA claims to a United States district court.

QUESTIONS PRESENTED

1. Did Todd Construction present a "claim" to the Army Corps of Engineers pursuant to the Federal Acquisition Regulation ("FAR")?

[1] Although in the Conclusion to one of our prior briefs, we made reference to dismissal with prejudice, the thrust of our motion to dismiss is that this Court should dismiss this complaint for lack of jurisdiction. Such a dismissal would necessarily be without prejudice. Should this Court dismiss this complaint on other grounds, however, such as failure to state a claim, the Government submits that such a dismissal should be with prejudice.

2. Assuming the Court determines that it possesses jurisdiction, according to what criteria shall this Court review the performance evaluations of Todd Construction made by the Army Corps of Engineers?

3. Is it appropriate for this Court to take a "peek at the merits" in determining whether to transfer this case? If so, what conclusions should this Court draw from that "peek at the merits"?

4. Does 28 U.S.C. §1631 apply to the present case? If so, to which district court should this case be transferred?

## ARGUMENT

### I. This Court Does Not Possess Jurisdiction To Entertain The Complaint Filed By Todd Construction As Todd Construction Has Not Presented A Claim To The Army Corps Of Engineeers

This Court does not possess jurisdiction to entertain the complaint filed by Todd Construction because Todd Construction did not present a claim to the Army Corps of Engineers ("Corps") before filing suit. See 28 U.S.C. § 1491(a)(2); Alliant Techsystems, Inc. v. United States, 178 F.3d 1260, 1264 (Fed. Cir. 199) (holding that if the contractor has not submitted a "claim," then this Court does not possess jurisdiction to entertain the complaint). The Federal Acquisition Regulation ("FAR") defines a claim as "a written demand or written assertion by one of the contracting parties seeking, as a matter of right, the payment of money in a sum certain, the adjustment or interpretation of contract terms, or other relief arising under or relating to this contract." 48 C.F.R. 52.233-1(c) (emphasis added). Todd Construction alleges in its supplemental brief that its letter of October 2, 2006 (Exhibit E) constitutes its claim. This

document, however, does not seek relief arising under or relating to Todd Construction's contract with the Corps, nor does it seek that relief "as a matter of right."

Todd Construction's alleged claim does not seek relief arising under or relating to Todd Construction's contract with the Corps, and Todd Construction's brief does not explain how it possibly could. The United States Court of Appeals for the Federal Circuit has explained the meaning of the phrase "relating to a contract" in the CDA, holding that "Congress's decision to limit the applicability of the [CDA's] procedures to those claims 'relating to' a contract indicates that the claim at issue must have some relationship to the terms or performance of a government contract." Applied Companies v. United States, 144 F.3d 1470, 1478 (Fed. Cir. 1998). Todd Construction's claim does not bear any relationship to the terms or performance of the contract. Rather, Todd Construction alleges, pursuant to the Corps Engineering Regulations, that the Corps did not follow proper procedures in preparing its evaluation of Todd Construction. See ER 415-1-7 (attached as Appendix to Def. Mot, setting forth the procedure for evaluating contractor performance). Accordingly, Todd Construction's letter was submitted to the Corps, not as a CDA claim, but pursuant to the Corps internal procedures for preparing performance evaluations. Id. Consistent with this, Todd Construction makes no reference to the CDA, the FAR, or any of the contract terms. Therefore, the relief it seeks (i.e., withdrawal of the Corps's evaluations of Todd Construction's performance) is not "relief . . . related to the contract."

The fact that a contractor's claim may bear some relationship to the contract at issue does not make that claim a claim for "relief . . . relating to the contract." For example, in Transamerica Insurance Co. v. United States, 31 Fed. Cl. 602, 604 (1994), the plaintiff, a surety bond company, brought a claim for equitable subrogation after the contractor defaulted and the

surety entered into a takeover agreement with the United States. This Court found that this claim for equitable subrogation related to the underlying contract between the contractor and the United States, but did not "relate to" the takeover agreement for purposes of the CDA, despite the fact that the surety's equitable subrogation rights matured when it performed on the takeover agreement. Id. at 606-607. Similarly, although Todd Construction's claim for withdrawal of its performance evaluations bears some relationship to its contract with the United States, it does not relate to that contract as it does not concern the CDA, the FAR, or any contractual terms.

The Court asked the parties to discuss the relevance of Alliant Techsystems and Record Steel and Construction, Inc. v. United States, 62 Fed. Cl. 508 (2004), to the question of whether Todd Construction has submitted a valid claim. As discussed in our motion to dismiss, Record Steel is distinguishable from this case upon various grounds. Most important to the particular question posted by the Court is the fact that the evaluation claim at issue in that case was wholly derivative of the contractor's substantive claim concerning interpretation of the agreement. As the Court stated, "the crux of the parties' dispute is whether the contract at issue required over-excavation." 62 Fed. Cl. at 510-511. Furthermore, the Court found that the claim arose from the FAR requirement that the Government produce a performance evaluation. 62 Fed. Cl. at 519 (explaining that the plaintiff was seeking relief relating to the contract under FAR § 36.201(a)(1)). Here, Todd Construction does not rely at all upon the FAR requirement that the Government provide a performance evaluation. Instead, Todd Construction relies on the Corps' Engineering Regulations to assert that the required performance evaluation was conducted improperly.

In any event, it appears that Record Steel may have been wrongly decided. As an initial matter, the FAR provision cited by the Court does not grant the contractor a "right" to a performance evaluation; it merely requires that the Government perform one as part of its contract administration. 48 C.F.R. § 36.201(a)(1); cf. TLT Construction Corp., ASBCA No. 53,769, 02-2 BCA ¶ 31,969 (Aug. 26, 2002) ("[a] performance evaluation under a contract is an administrative matter not a Government claim, and a contractor's request that a contracting officer change an evaluation is not a contractor claim"). The fact that this provision is not incorporated into the contract confirms this. Therefore, even if a contractor may satisfy Alliant by merely asserting that it has a right to a performance evaluation, this Court still lacks jurisdiction because such a right is not related to the contract, and even if this Court possesses jurisdiction, because there is, in fact, no right to a performance evaluation, the claim must fail upon the merits, contrary to the decision in Record Steel.

Alliant Techsystems also does not support Todd Construction's contention that its letter regarding its performance evaluation constitutes a CDA claim. Alliant Techsystems concerns the meaning of the phrase "as a matter of right" and therefore does not shed any light upon the meaning of "relating to the contract," a question already resolved by Applied Companies. In any event, the opinion in Alliant Techsystems is consistent with the view that the phrase "as a matter of right" must be read in the context of the remainder of the regulation, namely the reference to "relief . . . relating to the contract." Clearly the "entitlement" of the claim referred to in Alliant Techsystems must relate to the contract. As discussed above, in Todd Construction's case, it does not. It arises solely from the provisions of the Engineering Regulations.

Todd Construction has not presented a valid claim to the Corps pursuant to the FAR, and therefore this Court cannot assert jurisdiction over Todd Construction's complaint pursuant to the Contract Disputes Act. "Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." Vermont Agency of Natural Resources v. United States ex rel. Stevens, 529 US 764, 778 (2000), citing Ex Parte McCardle, 74 US 506, 7 Wall 506 (1868). This Court should dismiss Todd Construction's complaint.

## II. If This Court Determines That It Should Review The Corps' Actions With Respect To The Performance Evaluations, It Should Merely Determine Whether The Corps Complied With The Engineering Regulations

Should this Court find that it possesses jurisdiction to entertain Todd Construction's claim regarding its performance evaluations, this Court's review of the performance evaluations should be limited to a review on an administrative record prepared by the agency. As discussed in our prior briefs, the essence of Todd Construction's complaint appears to be a challenge to agency action, which, it appears, might constitute an Administrative Procedures Act ("APA") claim, 5 U.S.C. §§ 500 et seq. Although this Court does not possess jurisdiction to entertain APA claims, a district court, reviewing an APA claim, reviews such claims on a limited basis. Pursuant to statute, a court reviewing an APA claim is limited to determining whether the agency action falls within one of the six enumerated categories, including whether the agency action is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). Similarly, when this Court reviews an agency award decision in a bid protest case, it applies the same standard, pursuant to the Tucker Act. See 28 U.S.C. § 1491(b)(4) ("In any action under this subsection, the courts shall review the agency's decision pursuant to the

standards set forth in section 706 of title 5."). When this Court reviews agency award decisions, it does not conduct a de novo review of the agency action. To the contrary, its powers are limited to rendering a judgment on the administrative record. See Bannum, Inc. v. United States, 404 F.3d 1346, 1355 (Fed. Cir. 2005). The United States Court of Appeals for the Federal Circuit has admonished this Court to carefully distinguish between the inquiry to be conducted when rendering a judgment on the administrative record from the inquiry to be conducted when deciding summary judgment, which requires the absence of a genuine issue of material fact. See id. Further, judgment on the administrative record is consistent with the limited review permitted by the bid protest statute. See Serco Inc., et al., v. United States, Nos. 07-691C, et al., 2008 WL 623803, at * 15 (Fed. Cl. Mar. 3, 2008).

Similarly, in other cases where this Court is permitted to review agency action, its review is also limited to a standard of review akin to that set forth in the APA and based solely on the administrative record. For example, in cases where a plaintiff challenges the decision of a military board with respect to military pay or military records, this Court is limited to determining whether the board action was "arbitrary, capricious, or in bad faith, or unsupported by substantial evidence, or contrary to law, regulation, or mandatory published procedure of a substantive nature by which plaintiff has been seriously prejudiced." Flowers v. United States, 80 Fed. Cl. 201, 212 (2007) (quoting Clayton v. United States, 225 Ct. Cl. 593, 595 (1980)). In accordance with this limited review, the Court only reviews the administrative record. Flowers, 80 Fed. Cl. at 212. The standard is virtually the same in cases concerning challenged to denial of benefits pursuant to the Public Safety Officers' Benefits Act of 19876 ("PSOBA"), 42 U.S.C.

§§ 3796 - 3796c. The Court reviews agency decisions denying such benefits based solely upon the administrative record, Dawson v. United States, 75 Fed. Cl. 53, 54 (2007), and only considers the following inquiries which track those in the APA: "(1) whether there has been substantial compliance with statutory requirements and with the requirements of implementing regulations; (2) whether there has been any arbitrary or capricious action on the part of the government officials involved; and (3) whether the decision denying the claim is supported by substantial evidence." Yanco v. United States, 258 F.3d 1356, 1362 (Fed. Cir. 2001).

Although this Court should not take jurisdiction of Todd Construction's complaint, if it were to determine that jurisdiction were proper, a limited review on the administrative record, similar to the review conducted by the district court in an APA case and similar to the review conducted by this Court in bid protest cases, military pay cases, and PSOBA cases, would be most appropriate.

III. This Court Should Not Transfer This Case As There Has Been No Showing That Transfer Would Be In The Interests Of Justice

The decision whether to transfer this case to another court is within the sole discretion of this Court and should only be undertaken if such a transfer would be in the interests of justice. 28 U.S.C. § 1631 (where a court finds that jurisdiction is lacking, "the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed" (emphasis added)). Courts have found that it is in the interests of justice to transfer a case to another court where, for instance, the plaintiff is pro se, or where the plaintiff's claims would be time-barred if he were required to re-file in another court. See, e.g., Edelmann v. United States, 76 Fed. 376, 384 (2007) (finding that transfer would be in the interests of justice because otherwise claims would

be time-barred); Russell v. United States, 78 Fed. Cl. 281, 290 (2007) (taking into consideration plaintiff's pro se status when determining that transfer would be in the interests of justice). No compelling circumstances exist here for transferring Todd Construction's case. Moreover, the fact that Todd Construction's complaint, on its face, fails to state a claim for relief pursuant to the APA, militates against transfer.

Contrary to Todd's assertions, the statute providing for transfer under these circumstances contemplates that the potential transferor court will consider the consequences of transfer in determining whether the transfer would be in the interests of justice. See Christianson v. Colt Industries Operating Corp., 486 U.S. 800, 818 (1988). As mentioned above, in keeping with this principle, courts have considered whether a case would be time-barred in determining whether to transfer. See, e.g., Edelmann, 76 Fed. Cl. at 874. In addition, courts have also considered the merits of a case in determining whether to transfer. See Daniel v. Am. Bd. Of Emergency Med., 428 F.3d 408, 436 (2d Cir. 2005) (concluding that transfer would not be in the interests of justice as plaintiffs lacked standing); Phillips v. Seiter, 173 F.3d 609, 610 (7th Cir. 1999) (concluding that transfer would not be in the interests of justice where statute of limitations had already run as of first filing in wrong court); McCullogh v. United States, 76 Fed. Cl. 1, 5 (2006) (declining to transfer the complaint as not in the interests of justice because the claim was "factually frivolous"). There is no logical distinction between a court taking a peek at the merits of a case as set forth in the complaint or a court taking a peek at whether a case might be time-barred in determining whether transfer would be in the interests of justice. Accordingly, this Court should, in determining whether to transfer Todd Construction's complaint consider that Todd Construction has failed to make even the most basic allegations as to an APA claim

along with the fact that Todd Construction is not a pro se litigant, and dismissal will not render Todd Construction's claim time-barred. The conclusion we urge upon this Court is that transfer would not be in the interests of justice.

IV. If This Court Decides To Transfer This Case, It Should Be Transferred To The Middle District Of North Carolina

Should this Court determine that transfer is in the interests of justice, the Middle District of North Carolina would be the appropriate venue. The transfer statute states that a court may transfer a case to "any other . . . court in which the action . . . could have been brought." 28 U.S.C. § 1631. According to the general Federal venue statute, a civil action against the United States may be brought:

> in any judicial district in which (1) a defendant in the action resides, (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) the plaintiff resides if no real property is involved in the action.

28 U.S.C. § 1391(e).[2] The events or omissions giving rise to Todd Construction's claim consist of the evaluation procedures followed by the Corps. These events or omissions necessarily took place in Greensboro, North Carolina, the location of contract performance and the location of the Corps resident office that conducted the evaluation. See Pl. Ex. A. This action could, therefore, have been brought in the United States District Court for the Middle District of North Carolina.[3]

---

[2] The APA permits an action to be brought against the United States in the absence of other statutory limitations on the form of the proceeding. 5 U.S.C. § 703.

[3] Todd Construction contends that it resides in the Western District of Oklahoma because it is headquartered there. Pl. Supp. Br. 8. For purposes of § 1391(e), however, a plaintiff corporation resides in its state of incorporation. Johns-Manville Sales Corp. v. United States, 796 F.2d 372, 373 (10th Cir.1986) (agreeing with numerous circuit courts that the residence of a plaintiff corporation under 28 U.S.C. § 1391(e) is limited to the state of incorporation). It is unclear from Todd Construction's complaint and the documents attached to its supplemental

Because this is where the events or omissions took place, this is where the witnesses are most likely to be located, making venue appropriate there.

CONCLUSION

For the foregoing reasons, and for the reasons stated in our briefing on our motion to dismiss, defendant respectfully requests that the Court grant its motion to dismiss, dismiss Todd Construction's complaint, and deny Todd Construction's request to transfer its APA claims to a United States district court.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s Franklin E. White, Jr.
FRANKLIN E. WHITE, JR.
Assistant Director

---

brief whether it is a partnership or a corporation, and, if it is a corporation, where it is registered. Its complaint states it is a Texas partnership, but the contract documents reference a corporation, namely Todd Construction Co., Inc. Compare Compl. with Pl. Ex. A. If Todd Construction is a corporation incorporated in Texas, then Texas —not Oklahoma—would be its place of residence. Compl. ¶ 1.

Of Counsel:
MARY L. ASHBY
Assistant District Counsel
Office of Counsel
Savannah District
US Army Corps of Engineers
100 Oglethorpe Avenue
P.O. Box 889
Savannah, GA 31402
Tel: (912) 652-5025
Fax: (912) 652-5126

s/ Maame A.F. Ewusi-Mensah
MAAME A.F. EWUSI-MENSAH
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tel: (202) 353-0503
Fax: (202) 514-8624

March 14, 2008

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 14th day of March, 2008, a copy of the foregoing "DEFENDANT'S SUPPLEMENTAL BRIEFING ON ITS MOTION TO DISMISS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. The parties may access this filing through the Court's system.

s/ Maame A.F. Ewusi-Mensah